1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LAWRENCE GRAY,<br>CDCR # CO-1319-3,<br><br>                                Plaintiff,<br><br>vs.<br><br>A. BRODERICK; J. EUSTICE,<br><br>                                Defendants. | Civil No.   11-cv-1715 AJB (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 4]; AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |
|---|---|

   Plaintiff, currently housed at Coalinga State Hospital located in Coalinga, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges his constitutional rights were violated when he was housed at the Richard J. Donovan Correctional Facility ("Donovan") in San Diego, California in 2010.  In addition, Plaintiff has filed a Motion to Proceed *In Forma* Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a) [ECF No. 4].

/ / /

/ / /

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Director of Coalinga State Hospital to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-

27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

### B.   Illegal search claims

Plaintiff alleges that his Fourth Amendment rights were violated when Defendants told him that he was going to be subjected to a strip search. (*See* Compl. at 3.) Plaintiff refused to allow them to conduct the strip search. (*Id.*) The Fourth Amendment applies to a jail or prison's policy of strip searches of inmates. *See Bull v. City of San Francisco, et al.*, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc). When determining whether Plaintiff has stated a Fourth Amendment claim for an unreasonable search, the Court looks to whether the strip search was "reasonably related to legitimate penological interests." *Id.* (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987). "The reasonableness of a search is determined by reference to its context." *Bull*, 595 F.3d at 971 (citing *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988)).

Plaintiff does not allege with any specificity that there were no "legitimate penological interests." *Bull*, 595 F.3d at 974. Prison officials must be accorded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." (*Id.*) The Court finds that Plaintiff's claims do not rise to the level of a strip search that was "excessive, vindictive, harassing or unrelated to any legitimate penological interest." *Michenfelder*, 860 F.3d at 332. Thus, the Court finds that Plaintiff has failed to allege a Fourth Amendment constitutional violation.

### C.   Excessive Force

Plaintiff also appears to allege that Defendants used force against him when he refused to comply with the order to allow them to conduct a strip search. (*See* Compl. at 3.) When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An Eighth Amendment violation occurs only when an inmate is subjected to the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

1  To determine whether Plaintiff has satisfied the malicious and sadistic standard, the Court
2  examines the following five factors: (1) the extent of the injury suffered; (2) the need for the
3  application of force; (3) the relationship between that need and the amount of force used; (4) the
4  threat reasonably perceived by Defendants; and (5) any efforts made to temper the severity of
5  a forceful response. *Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321.

6  Here, Plaintiff's facts, at this time, fail to show that the actions of the Defendants rise to
7  the level of "malicious and sadistic." *Id.* Thus, Plaintiff's Eighth Amendment excessive force
8  claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

### III. CONCLUSION AND ORDER

10  Good cause appearing, **IT IS HEREBY ORDERED** that:

11  1.  Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 4]
12  is **GRANTED**.

13  2.  The Director of Coalinga State Hospital, or his designee, shall collect from
14  Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting
15  monthly payments from the account in an amount equal to twenty percent (20%) of the
16  preceding month's income and forward payments to the Clerk of the Court each time the amount
17  in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS
18  SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS
19  ACTION.

20  3.  The Clerk of the Court is directed to serve a copy of this Order on Director,
21  Coalinga State Hospital, 24511 W. Jayne Avenue, Coalinga, California, 93210.

22  **IT IS FURTHER ORDERED** that:

23  4.  Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim
24  upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

25  5.  Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed
26  in which to file a First Amended Complaint which cures all the deficiencies of pleading noted
27  above. Plaintiff's Amended Complaint must be complete in itself without reference to his
28  original Complaint. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-

1  alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,
2  567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint within 45 days, this action
3  shall remain dismissed without further Order by the Court.
4       6.      The Clerk of Court is directed to mail a Court approved § 1983 form to Plaintiff.

DATED:  October 31, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge